## ROMPILLON *v.* ABBOTT.

*(Supreme Court, General Term, First Department. June 19, 1888.)*

1. NEGLIGENCE—PROXIMATE CAUSE—WHAT IS.

In an action for personal injuries caused by defendant's horse running away, where it appears that defendant permitted his horse to stand under an elevated railroad, unfastened and unattended, a finding that defendant was negligent, and is liable for the injuries sustained, is warranted by the evidence, though it also appears that the immediate cause of the horse running away was the falling of hot water upon him from an engine of the elevated road.

2. NEW TRIAL—WHEN GRANTED—EXCESSIVE DAMAGES.

The fact that damages allowed by a verdict appear somewhat large affords of itself no ground for interference therewith, where there is evidence upon which the jury may well have founded their verdict.

Appeal from circuit court, New York county.

Action for damages by Julia Rompillon against Warren G. Abbott. Verdict and judgment for plaintiff. Defendant's motion for new trial denied, and he appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Ashbel P. Fitch*, for appellant. *H. A. Vien*, for respondent.

VAN BRUNT, P. J. This action was brought to recover for personal injuries sustained by the plaintiff, from being run over by a horse attached to

a buggy belonging to the defendants, at the corner of Bleecker street and South Fifth avenue. The horse had been left standing in front of a lager-beer saloon, No. 33 South Fifth avenue, under the elevated railroad, by the defendant, who, accompanied by his collector, went into the saloon for the purpose of soliciting custom; and while therein the horse took fright, jumped upon the sidewalk, and ran down the sidewalk to Bleecker street, where the plaintiff was knocked down. The defendants claim that the horse was frightened because an engine of the elevated road had dropped hot water upon him, which caused him to run away. There was a dispute as to whether the defendant had left the horse unattended, or whether he had been left in charge of a boy of some 15 years of age, and competent to take care of the horse; and the only question submitted to the jury affecting the right of the plaintiff to recover was whether, upon all the evidence, the defendant had left his horse in the street unfastened and unattended or not properly attended, and had thereby been guilty of negligence which resulted in this accident, and no exception was taken to the manner in which this issue was submitted. The defendant had duly moved for a dismissal of the complaint, and the question presented by this motion is whether there was any evidence from which the jury could find that the defendant was negligent in leaving his horse unfastened and unattended upon the street. The defendant claims that simple proof that a horse is left on the street unfastened and unattended is no proof of negligence, and our attention is called to the case of *Albert* v. *Railroad Co.*, 2 Daly, 389, to support this proposition. The facts of that case were that the plaintiff, an expressman having some packages to deliver, drove close up to the curb-stone in a street on which was the defendant's railroad, and stopped and alighted to deliver some packages, leaving his horse untied and unguarded in the street. During the plaintiff's absence, a car of the defendant's approached, and, attempting to pass, came into contact with the plaintiff's wagon, and threw the horse upon the curb-stone, severely injuring both horse and wagon. The question, in an action brought to recover for injuries to the horse and wagon against a railroad company, was whether the plaintiff, in leaving his horse untied and unguarded, had been guilty of negligence contributing to the accident. It was held that he was not; that the accident in no way arose from that cause; that, even if the horse had been never so securely tied, the accident would have happened just the same, as this fact would not have enabled the defendant's car to pass; and that the sole cause of the accident was the negligence of the defendant's driver. The case at bar differs essentially from the one cited. The conditions were different. The horse was permitted to stand under the elevated railroad, unfastened and unattended, from which water or ashes might fall, and the noise of which is calculated to startle a horse not accustomed to it; and the jury might well find that the leaving of a horse under such circumstances was negligence, and they might also well find that, had the horse been fastened or properly attended, he would not have been able to have gotten upon the sidewalk, and make his passage along such sidewalk. It was this that caused the accident; and if fastening of the horse, or proper attendance, might have averted the condition of things, then the defendant, by leaving the horse unattended, was guilty of negligence contributing to the happening of the accident. It may be true that the remote cause of the accident was the falling of the hot water upon the horse, but, as far as the plaintiff was concerned, the direct cause was the running away of this horse upon the sidewalk; but, if this might have been averted by the exercise of due care upon the part of the defendant, he is liable. It is immaterial what frightened the horse, if he was not properly taken care of so as to prevent his running away. The jury have found that it might have been avoided by the exercise of due care upon the part of the defendant after the question had been submitted to them upon an unexceptionable charge, and with this finding we have no inclination to interfere. There is

a further question presented as to the amount of the damages, which are claimed to be excessive. The verdict may seem somewhat large, but simply for that reason we cannot interfere. It is true that the plaintiff is a woman in the humbler walks of life, but there was evidence tending to show permanent injury, upon which the jury may well have founded their verdict. The judgment appealed from should be affirmed, with costs.

BARTLETT and DANIELS, JJ., concur.